UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE K. HOWLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:15-cv-1079-KJN<br><br>ORDER |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from October 21, 2013, through the date of the final administrative decision. (ECF No. 14.) The Commissioner filed a cross-motion for summary judgment and opposition to plaintiff's motion for summary judgment. (ECF No. 15.) Plaintiff filed a reply. (ECF No. 16.)

////

---

[1] This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 9, 18.)

1

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the Commissioner.

I.     BACKGROUND

Plaintiff was born on January 31, 1966, did not complete high school but later obtained a GED, and is able to communicate in English.  (Administrative Transcript ("AT") 40-41.)[2]  He has no past relevant work.  (AT 31.)  Plaintiff applied for SSI on October 21, 2013, alleging that his disability began on September 1, 2006.  (AT 157-166.)  Plaintiff alleged that he was disabled primarily due to stage two liver cancer, knee and joint pains, hepatitis C, depression, a mood disorder, attention deficit hyperactivity disorder, anger issues, anxiety, high blood pressure, sleep issues, high cholesterol, and fatigue.  (AT 203.)  After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on July 11, 2014 and at which plaintiff, represented by an attorney, testified.  (AT 37-57.)  The ALJ issued a decision dated October 24, 2014, determining that plaintiff had not been under a disability, as defined in the Act, from October 21, 2013, through the date of that decision.  (AT 23-33.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 17, 2015.  (AT 1-6.)  Plaintiff then filed this action in federal district court on May 18, 2015, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II.    ISSUES PRESENTED

On appeal, plaintiff raises the sole issue of whether the ALJ erred in weighing the medical opinion evidence in the record with regard to plaintiff's mental impairments and physical impairments when determining plaintiff's residual functional capacity ("RFC").

////

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts in this order.  The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III.     LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.     DISCUSSION

   A.     Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[3]  At the first step, the ALJ concluded that plaintiff had not

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past relevant work?  If so, the

engaged in substantial gainful activity since October 21, 2013, the application date. (AT 25.) At step two, the ALJ found that plaintiff had the following severe impairments: "right knee degenerative joint disease, depression, anxiety, personality disorder." (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 27.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work of medium exertion except mentally, he is capable of performing simple, unskilled work with no public contact and only occasional contact with fellow employees.

(AT 29.)

At step four, the ALJ found that plaintiff had no past relevant work. (AT 31.) At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed. (AT 31.) Accordingly, the ALJ determined that plaintiff was not disabled within the meaning of the Act since October 21, 2013, the date plaintiff's SSI application was filed. (AT 33.)

////

////

////

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

B. <u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

    1. *Whether the ALJ Erred in Weighing the Medical Opinion Evidence in the Record*

Plaintiff's sole argument is that the ALJ erred by failing to properly consider the medical opinion evidence in the record when determining plaintiff's RFC.[4] More specifically, plaintiff contends that the ALJ erred in failing to properly consider the opinions of Dr. Lacy, a consultative examining psychologist, and Dr. Regan, a state agency reviewing physician, when assessing plaintiff's RFC related to his mental impairments. Similarly, plaintiff asserts that the ALJ erred in his consideration of the opinions of Dr. Selcon, a consultative examining physician, and Dr. Hanna, a state agency reviewing physician, when determining plaintiff's physical RFC.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1201-02 (9th Cir. 2001); <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. <u>Holohan</u>, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. <u>Id.</u> at 830. While a treating professional's opinion

---

[4] Plaintiff also asserts, in a conclusory fashion, in the preliminary statement of his motion for summary judgment that the "ALJ failed to articulate legally sufficient reasons for discounting [plaintiff's] subjective complaints of pain." (ECF No. 14 at 3.) However, plaintiff in no way argues or otherwise addresses this alleged error with regard to the ALJ's consideration of plaintiff's testimony with any specificity in his initial motion or his reply briefing. The court need not address an issue where the claimant "failed to argue [the] issue with any specificity in [his or her] briefing." <u>Carmickle v. Comm'r</u>, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Accordingly, the court declines to address whether this aspect of the ALJ's decision was made in error.

1  generally is accorded superior weight, if it is contradicted by a supported examining
2  professional's opinion (supported by different independent clinical findings), the ALJ may
3  resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes
4  v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  The regulations require the ALJ to weigh the
5  contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[5] except that the ALJ in any
6  event need not give it any weight if it is conclusory and supported by minimal clinical findings.
7  Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally
8  supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-
9  examining professional, by itself, is insufficient to reject the opinion of a treating or examining
10 professional.  Lester, 81 F.3d at 831.

### a.  Dr. Lacy and Dr. Regan

On December 6, 2013, Dr. Lacy, a clinical psychologist, conducted a consultative mental examination of plaintiff, consisting of a review of plaintiff's medical records, an interview with plaintiff, and a full mental status examination.  (AT 323-31.)  Based on the results of this examination, Dr. Lacy opined that plaintiff was moderately impaired in his abilities to maintain regular attendance, perform work activities on a consistent basis, and complete a normal workday or work week without interruption resulting from psychiatric conditions.  (AT 330.)  Dr. Lacy opined further that plaintiff was severely impaired in his abilities to relate and interact with coworkers and the public and to deal with the usual stresses encountered in competitive work.  (Id.)  Dr. Lacy found plaintiff unimpaired in all other aspects of mental functioning, particularly, in his abilities to perform detailed and complex tasks, simple and repetitive tasks, and perform work activities without special or additional supervision.  (Id.)  The ALJ assigned "substantial evidentiary weight to Dr. Lacy's opinion because it found that plaintiff has "severe mental impairments that affect his socialization."  (AT 31.)

////

---

[5] The factors include:  (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; (6) specialization.  20 C.F.R. §§ 404.1527, 416.927.

Dr. Regan reviewed plaintiff's mental health records on December 17, 2013, as part of the determination of plaintiff's disability application. (AT 67-69.) Based on this review, Dr. Regan opined that plaintiff was moderately limited in the following areas: ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to work in coordination with or in proximity to others without being distracted by them; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; ability to respond appropriately to changes in the work setting; and ability to be aware of normal hazards and take appropriate precautions. (AT 68-69.) Dr. Regan opined further that plaintiff was markedly limited in the ability to interact appropriately with the general public. (AT 68.) Dr. Reagan found that plaintiff was not significantly limited with regard to all other areas of mental functioning. (AT 67-69.) Overall, Dr. Regan determined that plaintiff's limitations in those areas translated to a mental RFC permitting plaintiff to "sustain simple 1-2 step tasks with no public contact." (AT 69.) The ALJ assigned Dr. Regan's opinion "[g]reat evidentiary weight" because that physician found plaintiff "capable of sustaining simple 1 to 2 step tasks with no public contact due to personality issues, depression and anger management." (AT 31.)

With regard to Dr. Lacy's opinion, plaintiff argues that the ALJ mischaracterized it by concluding in his RFC determination that plaintiff had mental limitations less restrictive than some of those opined by Dr. Lacy despite giving that physician's opinion substantial evidentiary weight. In particular, plaintiff contends that "the ALJ's finding that [plaintiff] could have occasional contact with fellow employees does not logically flow from Dr. Lacy's opinion that [plaintiff] is severely impaired in his ability to interact with coworkers." (ECF No. 14 at 8.) Plaintiff argues further that the ALJ's RFC determination did not adequately capture Dr. Lacy's opinion that "plaintiff is precluded from dealing with the usual stresses of competitive work,"

7

which plaintiff contends indicates that plaintiff has lost, or is at least severely restricted in, the ability to carry out many basic mental workplace functions.  (Id.)  Plaintiff also asserts that the ALJ improperly failed to provide any reasons for implicitly rejecting the limitations Dr. Lacy opined but that the ALJ did not incorporate into his RFC determination.  Finally, plaintiff contends that the significant non-exertional limitations that Dr. Lacy opined, but the ALJ did not adequately capture or reject, required the ALJ to consult a vocational expert, which the ALJ did not do.  The court finds plaintiff's arguments regarding Dr. Lacy's opinion to lack merit.

    The ALJ was not required to adopt wholesale every limitation contained in Dr. Lacy's opinion in order to consider that opinion as substantial evidence in support of his RFC determination.  Magallanes, 881 F.2d at 753 (quoting Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988)) ("'It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'").  Indeed, the ALJ accorded Dr. Lacy's opinion "substantial evidentiary weight," indicating that, while he found that opinion persuasive, he did not adopt in full every limitation contained therein.  (AT 31.)

    Similarly, the ALJ was not required to provide reasons for why he rejected Dr. Lacy's opinion, because he did not reject it.  Rather than outright adopt or reject the limitations contained in Dr. Lacy's opinion, the ALJ considered it as one piece of the body of opinion evidence before him and weighed it in the context of that evidence as a whole.  Indeed, the ALJ also accorded "[g]reat evidentiary weight" to Dr. Regan's opinion, who found that plaintiff was only "moderately limited" with regard to interacting with coworkers.  (AT 68.)  The ALJ also noted that Dr. Regan's opinion was affirmed by another State Agency reviewing physician, Dr. Franco. (AT 31.)  It is the responsibility of the ALJ to consider and weigh the opinion evidence in the record and determine the claimant's RFC based on substantial evidence from that record.  20 C.F.R. § 416.927(d)(2); see also Magallanes, 881 F.2d at 753.  The ALJ here considered the opinion evidence in the record regarding plaintiff's limitations in his ability to interact with coworkers and made a reasonable RFC determination that plaintiff was capable of only occasional interaction based on the relative weights he assigned those opinions.  (See AT 29.) Similarly, the ALJ also appropriately considered and synthesized the other limitations opined by

the mental health physicians who provided opinions into the mental limitations contained in his RFC determination when he concluded that plaintiff was limited to only simple, unskilled work. (See AT 29-31.)

The ALJ also did not err in not utilizing a vocational expert in determining whether there existed work that plaintiff could perform at step five. Plaintiff argues that Dr. Lacy's opinion that plaintiff was severely impaired in certain areas of mental functioning means that the ALJ was required to obtain the testimony of a vocational expert before rendering his conclusion at step five. However, the ALJ properly considered and weighed Dr. Lacy's opinion for the reasons discussed above, and reached a well-reasoned RFC determination based on substantial evidence that reasonably reflected the weight of all opinion evidence in the record regarding plaintiff's mental impairments, including Dr. Lacy's opinion. Moreover, the non-exertional mental limitations contained in the ALJ's RFC decision are consistent with his determination that plaintiff could perform unskilled work. Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968. The ALJ's RFC determination specifically limits plaintiff to "performing simple, unskilled work." (AT 29.) Moreover, because unskilled work generally does not require working with people, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.00(I), 202.00(g); SSR 85-15, the additional social interaction limitations contained in the ALJ's RFC determination do not conflict with the ALJ's determination that plaintiff could perform a wide range of unskilled work. Accordingly, the ALJ was not required to obtain the testimony of a VE before rendering his step five determination, and he did not err in not obtaining such testimony.

With regard to Dr. Regan, plaintiff concedes that the ALJ correctly considered that physician's opinion by assigning it great evidentiary weight. Plaintiff argues, however, that the ALJ erred by not adequately taking Dr. Regan's opinion that plaintiff is limited to simple one-to-two step tasks into account in his overall RFC determination. Plaintiff contends that the Ninth Circuit Court of Appeals has recently determined that there exists a conflict between a restriction to simple repetitive tasks, which the ALJ included as part of his RFC determination, and one-to-two step tasks, the limitation Dr. Regan opined. Plaintiff argues that this means that the ALJ

9

could not determine that plaintiff was capable of performing all unskilled work at step five as he did because the limitation to simple one-to-two step tasks would necessarily preclude at least some of that work. This argument is not well taken.

The Ninth Circuit Court of Appeals recently held in <u>Rounds v. Comm'r Soc. Sec. Admin.</u> that there exists an apparent conflict between an RFC limitation to "simple one-to-two step tasks" and the demands of Level 2 Reasoning as defined in the Dictionary of Occupational Titles ("DOT"), which "requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" 807 F.3d 996, 1003-04 (9th Cir. 2015) (quoting DOT, App. C, § III, 1991 WL 688702 (4th ed. 1991)). The court further held that such a conflict must be reconciled before the ALJ may find a claimant with a limitation to simple one-to-two step tasks capable of performing work requiring Level 2 Reasoning. <u>Id.</u> at 1004.

While a limitation to one-to-two step tasks would create a conflict with a determination that plaintiff could perform work requiring Level 2 Reasoning, the ALJ here did not include such a limitation in his RFC determination. Rather, he determined that plaintiff "is capable of performing simple, unskilled work." (AT 29.) Plaintiff appears to argue that the ALJ's determination failed to incorporate Dr. Regan's opinion that plaintiff is limited to one-to-two step tasks. However, as noted above with regard to Dr. Lacy's opinion, the ALJ was not required to adopt wholesale Dr. Regan's opinion that plaintiff was limited in such a manner. The ALJ also gave substantial evidentiary weight to the opinion of Dr. Lacy, who opined that plaintiff had no limitations with regard to his ability to carry out simple or complex tasks. (AT 330.) The ALJ was permitted to consider the opinions of both physicians in determining plaintiff's RFC, and his conclusion that plaintiff is capable of performing simple, unskilled work is a wholly reasonable determination in light of those opinions and the rest of the objective evidence in the record. Accordingly, the ALJ's RFC determination did not conflict with his finding that plaintiff was capable of performing unskilled work at step five.

////

////

////

b. Dr. Selcon and Dr. Hanna

Dr. Selcon conducted a consultative physical examination of plaintiff on November 25, 2013. (AT 314-18.) Based on a review of plaintiff's medical records and a complete physical examination of plaintiff, Dr. Selcon opined that plaintiff had the following physical functional limitations: sit without limitations during an 8-hour workday; stand/walk up to 6 hours total in an 8-hour workday; lift up to 50 pounds occasionally and up to 25 pounds frequently; no postural, manipulative, visual, communicative, or workplace environmental limitations. (AT 318.) Dr. Hanna reviewed plaintiff's medical records on March 6, 2014, and agreed with Dr. Selcon's opinion. (AT 80.) The ALJ gave "great evidentiary weight" to Dr. Selcon's opinion and "substantial evidentiary weight" to Dr. Hannah's opinion because they were supported by the objective medical evidence in the record and plaintiff's presentation during the hearing. (AT 30.)

Plaintiff contends that the ALJ erred in weighing Dr. Selcon's and Dr. Hannah's opinions as he did because the weight of the objective medical evidence in the record is inconsistent with these two physicians' opinions regarding the functional impact of plaintiff's physical impairments. Specifically, plaintiff contends that a December 6, 2012 MRI of plaintiff's right knee and the fact that plaintiff's weight during the relevant period rendered him obese demonstrate that plaintiff's physical impairments caused him limitations greater than those opined by Dr. Selcon and Dr. Hannah.

However, the clinical findings of Dr. Selcon show that plaintiff had a normal range of motion in both knees and a normal gait, and that plaintiff's knees were without effusion, or mediolateral or anteroposterior instability. (AT 317.) The rest of Dr. Selcon's examination notes indicated largely normal findings with regard to plaintiff's physical condition. (AT 316-18.) Dr. Selcon specifically reviewed the MRI plaintiff contends conflicts with his opinion and based his opinion, in part, on the results of that MRI in the context of plaintiff's other medical records and his own physical examination findings. (AT 314-18.) Similarly, Dr. Hannah reviewed the MRI results and reached the same opinion regarding plaintiff's physical functioning as had Dr. Selcon. (AT 80.) These are the only two opinions in the record that opine on plaintiff's physical functioning; the record contains no other medical opinions that conflict with or provide a different

11

interpretation of plaintiff's physical functioning or the limitations caused by plaintiff's right knee impairment highlighted by the MRI results.  Instead, the medical findings of plaintiff's treating physicians lend further support to the ALJ's decision to adopt the physical limitations opined by Dr. Selcon and Dr. Hannah into the ALJ's RFC determination.  See, e.g., AT 260-61, 296-97, 304-05, 309, 338-39, 356.  None of plaintiff's medical records suggest that plaintiff's right knee impairment reflected in the MRI caused greater limitations than those Dr. Selcon and Dr. Hannah opined, and the ALJ adopted through his RFC determination that plaintiff can "perform a full range of work of medium exertion."  (AT 29.)  The ALJ was permitted to rely on the opinions of Dr. Selcon and Dr. Hanna as substantial evidence in support of his RFC determination.  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an examining physician's opinion "constitutes substantial evidence, because it rests on his own independent examination of [the claimant]," and a non-examining physician's opinion "may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Plaintiff also contends that the ALJ erred in failing to consider the impact plaintiff's obesity had on his physical functioning pursuant to Social Security Ruling ("SSR") 02-01p, which requires an ALJ to "do an individualized assessment of the impact of obesity on an individual's functioning."  However, the Ninth Circuit Court of Appeals has held that an ALJ does not commit reversible error by not considering a claimant's obesity where the record does not indicate that the claimant's obesity exacerbated his or her other impairments.  Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005).  Here, nothing in the record indicates that plaintiff's weight exacerbated any of plaintiff's physical impairments or otherwise further limited plaintiff's physical functional capacity in a meaningful manner.  Furthermore, plaintiff argues that there was evidence in the record that plaintiff may have been obese at some point during the relevant period, but in no way demonstrates that that condition had any material impact on his physical functioning.  Nor does plaintiff show how the evidence that plaintiff may have been obese somehow conflicts with or undermines the opinions provided by Dr. Selcon and Dr. Hannah regarding plaintiff's physical impairments such that it was error for the ALJ to rely on them in formulating plaintiff's RFC.  Accordingly, plaintiff's argument regarding the ALJ's failure to

consider his obesity is not well taken.

In sum, the ALJ considered all of the medical evidence in the record and properly based his physical RFC determination on two physicians' opinions that contained limitations that were supported by that evidence. Accordingly, the ALJ did not err in assessing the medical evidence regarding plaintiff's physical RFC.

V.  CONCLUSION

In sum, the ALJ's decision was free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED.

3. The Commissioner's final decision is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  January 12, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE